**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, and PAUL A. MACDONALD, in his official capacity as Executive Director,
Plaintiffs,

v.

C.PEZZA & SON, INC., STAMP CRETE OF RHODE ISLAND, INC., STAMPRETE OF RHODE ISLAND and STAMPED CONCRETE, INC.
Defendants.

05 068 S

C.A. No.

## COMPLAINT

### Introduction

1. This is an action to compel payment of contributions, interest, and penalties to an employee welfare benefit plan, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq.

### Parties and Jurisdiction

2. Plaintiff Teamsters Local 251 Health Services and Insurance Plan ("the Fund") is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1).

3. Plaintiff Paul A. MacDonald is the Executive Director of the Fund.

4. Defendant C. Pezza & Son, Inc. ("C. Pezza") is a corporation organized under the laws of the State of Rhode



(1)

Island, having its principal place of business in Johnston, Rhode Island.

5. Defendant Stamp Crete of Rhode Island, Inc. ("Stamp Crete") is a corporation organized under the laws of the State of Rhode Island, having its principal place of business in Johnston, Rhode Island.

6. Defendant Stamprete of Rhode Island is a company having its principal place of business in Johnston, Rhode Island.

7. Defendant Stamped-Concrete, Inc. ("Stamped-Concrete") is a corporation organized under the laws of the State of Rhode Island, having its principal place of business in Johnston, Rhode Island.

8. Defendants have the requisite minimum contacts with the State of Rhode Island.

9. Jurisdiction is rested upon ERISA, 29 U.S.C. § 1132(e).

Facts

10. The Fund was established to provide various types of insurance benefits, including medical, life, and disability, for Teamsters Local 251 members. The Fund is administered by a Board of Trustees consisting of management and union trustees.

11. Insurance benefits as aforesaid are financed in part by employer contributions. The contribution rate is set by the collective bargaining agreement between Teamsters Local 251 and each employer.

12. The rights and obligations of the Fund and Defendants are set forth in the Agreement and Declaration of Trust ("Trust Agreement").

13. The Trust Agreement provides, in relevant part, that Defendants shall submit timely payroll reports of contributions, promptly pay contributions, and pay penalties and interest when in default.

14. C. Pezza and Stamp Crete were, at all relevant times, parties to a collective bargaining agreement which provides, in relevant part, that they shall comply with the terms of the Trust Agreement as aforesaid.

15. Stamprete and Stamped Concrete are, upon information and belief, alter egos of C. Pezza and Stamp Crete.

16. The United States District Court for the District of Rhode Island, C.A. No. 02-213ML, has issued a Judgment against C. Pezza in the amount of $43,328.52 for failure to make contributions to the Fund.

17. The United States District Court for the District of Rhode Island, C.A. No. 03-491ML, has issued a Consent

Decree and Order against Stamp Crete in the amount of $7,811.34 for failure to make contributions to the Fund.

Count I (as against C. Pezza)

18. Plaintiffs hereby incorporate by reference paragraphs 1 through 17 of this Complaint as if set forth herein.

19. Notwithstanding the aforesaid obligations, C. Pezza has:

(a) Failed to comply with the aforementioned Judgment, C.A. 02-213ML;

(b) Failed to submit payroll reports to the Fund for the period of October 2002 through July 2003;

(c) Failed to make timely contributions to the Fund for the period of October 2002 through July 2003;

(d) Otherwise failed to comply with the terms and conditions of the Trust Agreement.

20. By the aforesaid acts and omissions, Defendant C. Pezza has violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

Count II (as against Stamp Crete)

21. Plaintiffs hereby incorporate by reference paragraphs 1 through 20 of this Complaint as if set forth herein.

22. Upon information and belief, Stamp Crete is an alter ego of C. Pezza and, through this subterfuge, has attempted to relieve itself of C. Pezza's delinquent contributions to the Fund.

23. As an alter ego, Stamp Crete is liable to the Fund for C. Pezza's delinquent contributions, referenced in Paragraph 19, above.

24. Notwithstanding the aforesaid obligations, Stamp Crete has:

(a) Failed to comply with the aforementioned Judgment, C.A. 02-213ML;

(b) Failed to comply with the aforementioned Judgment, C.A. No. 03-491ML;

(c) Failed to submit payroll reports to the Fund for the period of October 2002 through July 2003;

(d) Failed to make timely contributions to the Fund for the period of October 2002 through July 2003;

(e) Otherwise failed to comply with the terms and conditions of the Trust Agreement.

25. By the aforesaid acts and omissions, Defendant Stamp Crete has violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

Count III (as against Stamprete)

26. Plaintiffs hereby incorporate by reference paragraphs 1 through 25 of this Complaint as if set forth herein.

27. Upon information and belief, Stamprete is an alter ego of or successor of, C. Pezza and Stamp Crete and, through this subterfuge, has attempted to relieve itself of Defendants' delinquent contributions to the Fund.

28. As an alter ego, Stamprete is liable to the Fund for C. Pezza's and Stamp Crete's delinquent contributions, referenced in Paragraphs 19 and 24, above.

29. Notwithstanding the aforesaid obligations, Stamprete has:

(a) Failed to comply with the aforementioned Judgment, C.A. 02-213ML;

(b) Failed to comply with the aforementioned Judgment, C.A. No. 03-491ML;

(c) Failed to submit payroll reports to the Fund for the period of October 2002 through July 2003;

(d) Failed to make timely contributions to the Fund for the period of October 2002 through July 2003;

(e) Otherwise failed to comply with the terms and conditions of the Trust Agreement.

30. By the aforesaid acts and omissions, Defendant Stamprete has violated ERISA, 29 U.S.C. §1132(a)(3) and §1145.

Count IV (as against Stamped-Concrete)

31. Plaintiffs hereby incorporate by reference paragraphs 1 through 31 of this Complaint as if set forth herein.

32. Upon information and belief, Stamped-Concrete is an alter ego of or successor of C. Pezza and Stamp Crete and,

through this subterfuge, has attempted to relieve itself of Defendants' delinquent contributions to the Fund.

33. As an alter ego, Stamped-Concrete is liable to the Fund for C. Pezza's and Stamp Crete's delinquent contributions, referenced in Paragraphs 19 and 24, above.

34. Notwithstanding the aforesaid obligations, Stamped-Concrete has:

(a) Failed to comply with the aforementioned Judgment, C.A. 02-213ML;

(b) Failed to comply with the aforementioned Judgment, C.A. No. 03-491ML;

(c) Failed to submit payroll reports to the Fund for the period of October 2002 through July 2003;

(d) Failed to make timely contributions to the Fund for the period of October 2002 through July 2003;

(e) Otherwise failed to comply with the terms and conditions of the Trust Agreement.

35. By the aforesaid acts and omissions, Defendant Stamped-Concrete has violated ERISA, 29 U.S.C. § 1132(a)(3) and § 1145.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court:

(1) Award the Fund the following amounts:

a. the unpaid contributions;

b. interest on the unpaid contributions;

c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

d. all costs and reasonable attorneys' fees incurred by the Fund in connection with this action; and

(2) Order Defendants to pay the outstanding Judgments of C. Pezza and Stamp Crete in the amount of $51,139.86, with accrued post judgment interest;

(3) Permanently enjoin Defendants from violating their obligations under the terms of its collective bargaining agreements with Teamsters Local Union 251 and the Agreement and Declaration of Trust to make contributions and reports to the Fund; and

(4) Order such other and further relief as this Court deems just and proper.

Dated: February 17, 2005

Respectfully submitted,
On behalf of Plaintiffs,
By their attorneys,

E. Wiens

Elizabeth Wiens, Esq. (#6827)
Marc Gursky, Esq. (#2818)
GURSKY LAW ASSOCIATES
18 Imperial Place, Suite 1D
Providence, RI 02903
Tel.(401) 454-7400
Fax (401) 621-8553