**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **TEAMSTERS LOCAL 251 HEALTH SERVICES AND INSURANCE PLAN, et al.** <br> **Plaintiff** <br> vs <br> **STAMPED CONCRETE, INC.** <br> **Defendant** | ) | **C.A. No. 05-68S** |

**ORDER**
**REFERRING CASE TO ALTERNATIVE DISPUTE RESOLUTION**

The parties in this case having appeared at a scheduled Rule 16 Conference and the Court having informed the parties of voluntary alternative dispute resolution options available. The parties having expressed no preference

**IT IS HEREBY ORDERED THAT:**

1. This matter is referred to mediation.

2. Berry B. Mitchell is appointed mediator in this case. The mediator shall serve without compensation.

3. Mediation proceedings shall be conducted in accordance with procedures outlined in the Court's ADR Plan as amended (See ADR website link at: www.rid.uscourts.gov) and such additional requirements as the mediator shall require.

4. Counsel for the parties shall submit to the mediator a Mediation Brief that conforms to the content outlined in suggested briefing guidelines set forth on the court's website.

5. Mediation Briefs shall not be exchanged with opposing counsel but are to be sent directly to the mediator.

6. Mediation proceedings in this matter shall be deemed confidential. Rule 408 of the Federal Rules of Evidence shall apply to information, statements and evidence generated in the course of the mediation and shall make inadmissible evidence of conduct or statements made unless otherwise discoverable. Moreover, all memoranda and other work products, including but not limited to, files, reports, interviews, case summaries and notes, prepared by the appointed neutral assigned to the case, shall not be subject to disclosure in any subsequent civil proceeding involving any of the parties participating in the ADR option, nor shall the mediator be compelled to disclose in any subsequent civil proceeding any communication made to him or her in the course of, or relating to the subject matter of any case referred to ADR and in which a party or other persons took part in ADR proceedings before the assigned neutral. The mediator shall not communicate any confidential information, nor

discuss ADR proceedings with any judicial officer, employees of the court, or other third party, other than to report the status of ADR proceedings.

7. All parties and lead counsel of record having full authority to bind and settle this case, shall attend the mediation. "Settlement Authority" means the individual with control of the full financial settlement resources involved in the case, including the full financial authority and ability to agree to a binding settlement agreement.

8. Parties and their counsel shall participate in the mediation in good faith.

**SO ORDERED** this the 10th day of November, 2005.

**LINCOLN D. ALMOND**
United States Magistrate Judge